UNITED STATES DISTRCT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| ANTHONY L. COLEMAN, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 3:15-cr-00075-2 |
| v. | ) | Case No. 3:20-cv-00939 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Judge Marvin E. Aspen |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Presently before us is Petitioner Anthony Coleman's habeas petition brought under 28 U.S.C. § 2255.[1] For the reasons stated below, we deny Coleman's motion.

## BACKGROUND

On November 10, 2016, Coleman pled guilty to one count of Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1), and one count of Possession of Cocaine with the Intent to Distribute, 21 U.S.C. § 841(a)(1). (Case No. 3:15-cr-75-2 ("Crim. Dkt.") Dkt. No. 185 at 6.) Coleman was sentenced by United States District Judge Kevin H. Sharp to 120 months and 240 months' imprisonment respectively, with the sentences to run concurrently. (Crim. Dkt. No. 210.)

Coleman filed an appeal with the 6th Circuit immediately following his sentencing. (Crim. Dkt. No. 213.) Five months later, Coleman's motion to voluntarily dismiss his appeal

---

[1] We received a letter from Defendant Anthony Coleman on October 26, 2020, that requested to renew his direct appeal or bring a claim under 28 U.S.C. § 2255 for ineffective assistance of counsel. (Case No. 3:15-cr-75-2 ("Crim. Dkt.") Dkt. No. 258.) Despite our previous instruction that "[a]ll communications must be made in the form of a motion, brief, or status report that is served on opposing counsel," we construed Coleman's letter as a habeas petition under 28 U.S.C. § 2255. (Crim. Dkt. No. 259.)

was granted on October 27, 2017. (Crim. Dkt. No. 226.)

After filing and then withdrawing a separate motion for relief in July 2020, on October 26, 2020, Coleman sent us a letter seeking to renew a petition under § 2255 for ineffective assistance of counsel. (Crim. Dkt. Nos. 249, 253, 258.)

Coleman's ineffective assistance of counsel claim rests on his allegations that his lawyer failed to raise inconsistencies in law enforcement officer's testimony at trial. (Compl. Case No. 3:20-cv-00939 ("Civ. Dkt.") Dkt. No. 1, at 2.) He raised these inconsistencies at least twice: Once on February 25, 2016, in a letter to the court seeking to exclude the evidence, and on December 26, 2016, in a letter to the court seeking to withdraw his guilty plea and be appointed new counsel. (Crim. Dkt. Nos. 96, 189.) Judge Sharp denied the motion to withdraw his guilty plea on February 10, 2017. (Crim. Dkt. No. 197.)

## STANDARD OF LAW

A prisoner may petition to vacate, correct, or set aside his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a). To succeed, a petitioner must show "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *McPhearson v. United States*, 675 F.3d 553, 558–59 (6th Cir. 2012) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)).

The petitioner must set forth facts that entitle him to relief. *Potter v. United States*, 887 F.3d 785, 787–88 (6th Cir. 2018) (citing *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006)). We construe petitioner's filings liberally since they are filed *pro se*. *Erickson v. Pardus*,

2

551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007) (per curiam) (citing *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976)).

## ANALYSIS

The government argues that Coleman's petition is untimely and therefore should be denied. (Response Civ. (Dkt. No. 5) at 3). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), petitioners have one year to file a habeas petition. 28 U.S.C. § 2255(f). The one-year period runs from the latest of when: (1) the judgment of conviction becomes final; (2) an unconstitutional or illegal government-created impediment is removed; (3) a right that is asserted is newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(1)–(4).[2]

### A. The Judgement of Conviction became Final on January 25, 2019

To determine whether the statute of limitations expired, we first look to see when the judgment of conviction became final, as that is the default trigger for the statute of limitations. 28 U.S.C. § 2255(f)(1); *Hueso v. Barnhart*, 948 F.3d 324, 335 (6th Cir. 2020). The conviction becomes final at the conclusion of direct review. *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004) (citing *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002)). When a defendant appeals his case to the Court of Appeals, his judgment of conviction becomes final at the expiration of the window to file a petition for certiorari with the Supreme Court. *Sanchez-Castellano*, 358 F.3d at 426 (citing *Clay v. United States*, 537 U.S. 522, 532, 123 S. Ct. 1072, 1079 (2003)). This holds true even if the defendant does not file a petition with the

---

[2] We do not address point number three because Coleman does not argue that it applies, nor does any Supreme Court development apply to Coleman's sentence.

Supreme Court. *Id.* The time to file a petition for certiorari from a United States Court of Appeals is 90 days. Sup. Ct. R. 13.

Coleman's conviction became final on January 25, 2019. Coleman's sentence was entered on May 23, 2017, and he then initiated an appeal to the 6th Circuit. (Crim. Dkt. Nos. 210, 213.) On October 27, 2017, the 6th Circuit dismissed the appeal on Coleman's motion to voluntarily dismiss. (Crim. Dkt. No. 226.) This started the 90-day window to file a petition for certiorari with the Supreme Court. Coleman did not file a petition with the Supreme Court, so his 90-day window ended on January 25, 2018. The one-year statute of limitations started from that date, ending on January 25, 2019. Coleman filed this § 2255 petition beyond the statute of limitations, on October 26, 2020, and therefore it is time-barred from proceeding. (Crim. Dkt. 258.)

### B. Impediment to Filing a Motion

In his reply, Coleman argues that he was frequently transferred between prisons and did not have time to prepare a defense. (Reply Civ. Dkt. No. 9 at 1.) AEDPA's statute of limitations can be delayed, also called "tolled," if the defendant shows that an *unlawful* government action impeded them from filing the motion. § 2255(f)(2). Prisoners alleging a government impediment to filing a motion for habeas corpus must show "(1) the existence of an impediment to his making a motion, (2) governmental action in violation of the Constitution or laws of the United States that created the impediment, and (3) that the impediment prevented the prisoner from filing his motion." *Simmons v. United States*, 974 F.3d 791, 796–97 (6th Cir. 2020); *see also Lewis v. Casey*, 518 U.S. 343, 351, 116 S. Ct. 2174, 2180 (1996) (requiring a showing of both an impediment and a causal relationship between the impediment and delayed filing of the motion).

4

Prison officials have broad discretion to transfer prisoners and moving prisoners between prisons is allowable under the Constitution absent any other unconstitutional reason for doing so. *See Meachum v. Fano*, 427 U.S. 215, 224–25, 96 S. Ct. 2532, 2538 (1976); *Ward v. Dyke*, 58 F.3d 271, 275 (6th Cir. 1995). Coleman bears the burden of showing why the government's action was illegal or unconstitutional, and why it stopped him from filing his motion. *See Simmons*, 974 F.3d at 796–98.

Coleman does not meet his burden to show why his inmate transfers limited his ability to file this motion within AEDPA's standard statute of limitations. For example, he makes no mention of how frequent or invasive of his time the transfers were, why they were unconstitutional or unlawful, or why they prevented him from filing this motion within a year of his appeal. (Reply Civ. Dkt. No. 9 at 1). Rather, he merely said he "has been moved constantly from BOP institution to another . . . and has not had proper or adequate time to prepar[e] a defense." *Id.* Even with the permissive standard under which we review *pro se* filings, this conclusory statement is not enough to warrant tolling the statute of limitations.

### C. Facts Discovered Through Diligence

Coleman also argues that he recently became aware of AEDPA's statute of limitations requirement due to his former counsel's alleged ineffectiveness. AEDPA allows for tolling of the statute of limitations till the "date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." § 2255(f)(4). Courts look at "when a duly diligent person in petitioner's circumstances would have discovered" the facts necessary to prove his claim. *Smith v. Meko*, 709 F. App'x 341, 344 (6th Cir. 2017) (quoting *DiCenzi v. Rose*, 452 F.3d 465, 470 (6th Cir. 2006)). Ignorance of a legal basis for relief does not toll § 2255, but rather when a petitioner comes to know the facts that would support a legal

5

claim under § 2255. *Webb v. United States*, 679 F. App'x 443, 448 (6th Cir. 2017) (citing *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012)); *Brooks v. McKee*, 307 F. Supp. 2d 902, 905–06 (E.D. Mich. 2004).

Coleman argues that he just became aware of these inconsistencies, and is working to secure the transcripts from the state and federal proceedings. (Compl. Civ. Dkt. No. 1 at 1–2.) However, in a February 2016 letter written by Coleman and filed on our docket, he referenced these same inconsistencies. (Crim. Dkt. No. 96 at 1–2.) Coleman referenced them again in a motion to withdraw his plea on December 2, 2016. (Crim. Dkt. No. 189 at 1.) Coleman does not explain why he did not seek post-conviction relief on this issue until September 28, 2020, even though he knew about these inconsistencies in February 2016. Accordingly, § 2255(f)(4) does not toll the statute of limitations here.[3]

### D. Equitable Tolling

Courts have recognized equitable exceptions to AEDPA's statute of limitations in rare circumstances. *See, e.g.*, *Holland v. Florida*, 560 U.S. 631, 645, 649, 130 S. Ct. 2549, 2560, 2562 (2010). Equitable tolling allows courts to review time-barred habeas petitions when a petitioner's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond their control. *Keeling v. Warden*, 673 F.3d 452, 462 (6th Cir. 2012) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). A petitioner must establish "1) that he has

---

[3] Coleman further maintains it "just recently came into [his] knowledge that he only had 1 year to file a 28 U.S.C. § 2255 due to a lack of court instruction from [his] former lawyer." (Reply Civ. Dkt. No. 9 at 1.) Just because Coleman was unaware of the AEDPA's procedural requirements does not mean the statute should be tolled. *See, e.g.*, *Johnson v. United States*, 544 U.S. 295, 311, 125 S. Ct. 1571, 1582 (2005) ("[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."); *Webb*, 679 F. App'x at 443. Because Coleman was aware of the alleged witness inconsistencies before the one-year clock started ticking and because ignorance of the law does not warrant tolling under § 2255(f)(4), this exception does not apply.

diligently pursued his rights; and 2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 560 U.S. at 648, 130 S. Ct. at 2562) (internal quotations omitted). Equitable tolling is rarely granted and "is evaluated on a case-by-case basis, with the petitioner having the ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Id.* (quoting *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (internal quotations omitted).

Coleman does not show diligence in pursuing his rights nor extraordinary circumstances that precluded him from doing so. Coleman does not satisfactorily explain why he has waited three years from the conclusion of his appeal to file this action. He was aware of the alleged inconsistencies in witness testimony before he accepted his guilty plea yet delayed in filing this motion. His lack of access to transcripts is also unconvincing. He demonstrated prior awareness of the testimony and simply reasserted similar grounds for relief as he had in prior filings with the court. That falls short of the "extraordinary circumstance" needed for equitable tolling. *Hall v. Warden*, 662 F.3d 745, 750–51 (6th Cir. 2011). A defendant's inability to obtain transcripts also does not warrant equitable tolling as they are not needed to file a habeas petition. *Id.* Further, Coleman's status as a *pro se* litigant and lack of knowledge about the statute of limitations is not in and of itself enough to justify equitable tolling. *See Keeling*, 673 F.3d at 464.

Coleman has not made an adequate showing to justify equitable tolling of AEDPA's statute of limitations.

7

Case 3:15-cr-00075   Document 268   Filed 03/03/21   Page 7 of 8 PageID #: 1313

## CONCLUSION

Accordingly, for the reasons above, Coleman's § 2255 petition is denied.[4]

                                                                            /s/ Marvin E. Aspen  
                                                                     Honorable Marvin E. Aspen  
                                                                     United States District Judge

Dated: March 3, 2021

---

[4] Rule 11(a) of the Rules Governing Section 2255 Proceedings requires that a district court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the "applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In making this determination, we consider both the underlying constitutional claim and any procedural barriers to relief. *Moody v. United States*, 958 F.3d 485, 488 (6th Cir. 2020). Even if a claim has arguable merit, if it is plainly barred by a procedural hurdle, including timeliness, the claim does not deserve a certificate. *Id.* Given Coleman filed his claim outside of the statute of limitations, he has not satisfied this standard and we deny a certificate of appealability for his § 2255 petition.